UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| THOMAS W. FARR, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 3:06-0103 |
| ) | Judge Brown |
| HOWARD CARLTON, WARDEN, ) | |
| ) | |
| Respondent. ) | |

To: The Honorable Robert L. Echols, United States District Judge

REPORT AND RECOMMENDATION

For the reasons stated below, the undersigned RECOMMENDS that the respondent's motion to dismiss (DE # 9) be granted and this action dismissed. The undersigned further RECOMMENDS that a certificate of appealability (COA) not issue.

I. INTRODUCTION
And
BACKGROUND

The petitioner filed his petition for federal *habeas corpus* relief in the United States District Court Eastern District of Tennessee on January 16, 2006.[1] (DE # 1) The case was then transferred to the Middle District of Tennessee on January 31, 2006. (DE # 4) On May 31, 2006, the case was referred to the Magistrate Judge for further proceedings under Rule 8(b), Rules – Section 2254 Cases, 28 U.S.C. § 636(b)(1)(B), and Rule 304, Local Rules of Court. (DE # 10)

The petitioner pled guilty on October 4, 2001 to one count of second-degree murder and two counts of solicitation of first-degree murder. (DE # 9, Attach. 1) The conviction for second-degree

---

[1] The envelope in which the petition was mailed to the district court in the Eastern District is stamped as having been delivered to the prison mailroom on January 16, 2006. Under Rule 3(d), Rules – Section 2254 Cases, January 16, 2006 is the date that the petitioner is deemed to have filed petition.

murder stemmed from the petitioner's involvement in the shooting death of his wife, and the two counts of solicitation of first-degree murder resulted from his efforts to have someone kill a detective and an assistant district attorney general involved in his prosecution for the murder of his wife. (DE # 9, Attach. 3, p. 1) The petitioner did not pursue a direct appeal. (DE # 9, Attach. 3, p. 2)

The petitioner filed a petition for post-conviction relief on September 11, 2002. (DE # 9, Attach. 2, p. 1) The Tennessee Court of Criminal Appeals affirmed the judgment of the post-conviction court on April 14, 2004 following which the Tennessee Supreme Court denied the petitioner's application for permission to appeal on August 30, 2004. (AD # 9, Attach. 3, p. 1) The petitioner filed a petition for a writ of *certiorari* which the United States Supreme Court denied. *Farr v. Tennessee*, 544 U.S. 931, 125 S.Ct 1672 (March 21, 2005), *reh'g denied* __ U.S. __, 125 S.Ct. 2901 (June 13, 2005).

As previously noted, *supra* at p. 1, the petitioner filed this action on January 16, 2006. Thereafter, on May 12, 2006, the respondent filed a motion to dismiss arguing that the petition was submitted more than a year beyond the one-year limitations period under the Anti-Terrorism and Effective Death Penalty Act (AEDPA). (DE # 9, pp. 3-4) The petitioner has not filed a response to the respondent's motion to dismiss. Therefore, under Rule LR7.01(b), Local Rules of Court, the petitioner is deemed not to oppose the motion.

## II. ANALYSIS

The AEDPA, Pub.L. No. 104-132, 110 Stat. 1214 (codified, *inter alia*, at 28 U.S.C. §§ 2244, *et seq.*) was enacted in 1996. Under the AEDPA, prisoners have one year within which to file a petition for *habeas corpus* relief which runs from the latest of four (4) circumstances, one of which is "the date on which the [state court] judgment became final by the conclusion of direct review .

2

. . ." 28 U.S.C. § 2244(d)(1)(A). However, the one-year limitations period is tolled for the "time during which a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2); *see Isham v. Randle*, 226 F.3d 691, 693 (6th Cir. 2000). "Properly filed" means that the petition's "delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example . . . the time limits upon its delivery." *Artuz v. Bennett*, 531 U.S. 4, 8-11 (2000); *see Vroman v. Brigano*, 346 F.3d 598, 603 (6th Cir. 2003).

When the state proceeding that tolled the limitations period concludes, the limitations period resumes at the point where it was tolled rather than beginning anew. *See Nino v. Galaza*, 183 F.3d 1003, 1006-07 (9th Cir. 1999); *see also Haney v. Addison*, 175 F.3d 1217, 1221 (10th Cir. 1999); *Gaskins v. Duval*, 183 F.3d 8, 9-10 (1st Cir. 1999), *Stokes v. Leonard*, No. 00-3797, 2002 WestLaw 531139 at *2 (6th Cir. (Ohio)). The period of limitations on both direct appeal and post-conviction is tolled during the ninety (90) days during which a petitioner may file for a writ of *certiorari* in the United States Supreme Court whether he does or not. *See Abela v. Martin*, 348 F.3d 164, 171-72 (6th Cir. 2003); *Isham*, 226 F.3d at 695.

Although the AEDPA does not expressly define when a conviction becomes "final," the Sixth Circuit treats convictions as becoming final at the conclusion of direct review. *See Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001). As a general rule, a trial court's judgment in Tennessee becomes final thirty days after its entry unless a timely notice of appeal or a specified post-trial motion is filed. *See State v. Pendergrass*, 937 S.W.2d 834, 837 (Tenn. 1996); *see also State v. Hamlin*, 655 S.W.2d 200, 202 (Tenn. Crim. App. 1983). Because the petitioner did not pursue a direct appeal, under Tennessee law, judgment became final in his case on November 3,

3

2001.

As previously noted, *supra* at p. 2, the petitioner did not file a petition for state post-conviction relief until September 11, 2002. Thus the AEDPA's one-year limitations period was not tolled from November 4, 2001 to September 10, 2002, *i.e.*, from the day after the judgment became final to the day prior to the date that the petitioner filed his petition for state post-conviction relief. The total time during this period that the AEDPA's one-year limitations period was not tolled was 310 days.

The AEDPA's one-year limitations period was, however, tolled during the period that the petitioner sought state post-conviction. Although the respondent argues that the petitioner did not file a petition for a writ of *certiorari* in the United States Supreme Court on post-conviction, as noted *supra* at 2, the petitioner did, in fact, seek such relief. Thus, the AEDPA's one-year limitations period did not begin to run again until June 14, 2005, the day after the United States Supreme Court denied the petitioner's request for a rehearing. Thereafter, the AEDPA's one-year limitations period was not tolled from June 14, 2005 to January 15, 2006, the day before the petitioner filed his petition for federal *habeas corpus* relief – a period of 215 days.

The total time prior to the petitioner filing his petition for federal *habeas corpus* relief during which the AEDPA's one-year limitations period was not tolled was 525 days (310 days + 215 days = 525 days). Based on these computations, the petitioner brought this action 160 days after the AEDPA's one-year limitations period had run (525 days - 365 days = 160 days). Although the petitioner did not file his petition more than a year late as the respondent maintains, he did file his petition more than 5 months late.

The one-year limitations period expressed in § 2244(d)(1) does not operate as a jurisdictional

4

bar to *habeas corpus* petitions and the limitations period may be equitably tolled under exceptional circumstances. *Dunlap v. United States*, 250 F.3d 1001, 1004, 1004 n. 1, 1005 (6th Cir. 2001). However, "[t]he petitioner bears the ultimate burden of persuading the court that he . . . is entitled to equitable tolling." *Griffin v. Rogers*, 308 F.3d647, 653 (6th Cir. 2002)(citing *Dunlap*, 250 F.3d at 1001).

In *Dunlap*, the Sixth Circuit held that equitable tolling was applicable to *habeas corpus* petitions under the AEDPA. However, the Sixth Circuit held that equitable tolling was appropriate only after the court has "properly considered and balanced the factors set out in *Andrews v. Orr*[, 851 F.2d 146 (6th Cir. 1988)] unless there is congressional authority to the contrary." *Dunlap,* 250 F.3d at 1009. The factors to be considered under *Andrews* are: 1) lack of actual notice of filing requirement; 2) lack of constructive knowledge of filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the respondent; and 5) a petitioner's reasonableness in remaining ignorant of the requirement. *Dunlap*, 250 F.3d at 1008; *see Andrews*, 851 F.2d at 151. The five factors considered in deciding whether to equitably toll a limitations period are not comprehensive, nor is each of the five factors relevant in all cases. *Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000). As to the fourth factor, "[a]lthough absence of prejudice is a factor to be considered in determining whether the doctrine of equitable tolling should apply once a factor that might justify tolling is identified, it is not an independent basis for invoking the doctrine. . . ." *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 152 (1984). Finally, the Sixth Circuit has held that equitable tolling should be "applied sparingly" in *habeas corpus* actions. *Dunlap*, 250 F.3d at 1008.

The petitioner has not argued that the one-year limitations period should be equitably tolled

5

although he has had ample opportunity to do so. Because the burden is on the petitioner to persuade the Court that equitable tolling should be applied, and because the petitioner has not made an argument to that end, the undersigned concludes that equitable tolling is not warranted in this case. Therefore, the petition is time-barred.

The undersigned turns his attention next to the question of whether a COA should issue in this matter. Where, as here, a *habeas corpus* petition is denied on procedural grounds without reaching the merits of the petitioner's underlying constitutional claims, a COA will issue only under the following conditions: 1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right"; and 2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The undersigned has conducted the required analysis of the petition and finds that jurists of reason would not find it debatable that the instant petition was time barred, and that summary dismissal of the petition was appropriate under the circumstances of this case. Therefore, if the district court adopts this Report and Recommendation (R&R), a COA should not issue. *See Castro v. United States of America*, 310 F.3d 900, 901 (6th Cir. 2002); *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001); *Porterfield v. Bell*, 258 F.3d 484, 485-487 (6th Cir. 2001); *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997).

### III. RECOMMENDATION

For the reasons stated above, the undersigned RECOMMENDS that the respondent's motion to dismiss (DE # 9) be granted and this action dismissed. The undersigned further RECOMMENDS that a COA not issue.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from

6

the receipt of this R&R within which to file with the district court any written objections to the proposed findings and recommendations made herein. Any party opposing shall have ten (10) days from the receipt of any objections filed regarding this R&R within which to file a response to those objections. Failure to file specific objections within the time frames specified may constitute a waiver of further appeal. *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 1111 (1986).

ENTERED this 17th day of July, 2006.

/s/ Joe B. Brown
Joe B. Brown
Magistrate Judge

7